UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SAYYAH,

    Plaintiff,

v.

JUDGE THOMAS R. HERMAN, et al.,

    Defendants.

Case No. 1:15-cv-326

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*,[1] initiated this action on February 23, 2015 by filing a complaint against multiple Defendants. Pursuant to local practice, this case has been referred to the undersigned for initial consideration and a Report and Recommendation on four motions to dismiss that have been filed by the Defendants. (Docs. 11, 14, 15, 19). For the reasons that follow, all of the Defendants' motions should be granted, and this case should be dismissed with prejudice.

**I. Background**

Plaintiff alleges in his ten-page typed complaint that during civil proceedings in Clermont County Court of Common Pleas, Judge Herman and other Defendants violated Plaintiff's constitutional rights and engaged in a racketeering enterprise in violation of civil RICO. (Doc. 1 at pp. 2-3). Plaintiff apparently filed three state court cases after he was assessed a fine and required to remove a fence due to certain

---

[1]The undersigned takes judicial notice that the same Plaintiff appears to have filed six prior *pro se* cases in this Court, most in 2004 and 2005. *See, e.g. Sayyah v. Waynoka Property Owners*, Case No. 1:01-cv-459-MHW; *Sayyah v. Waynoka Property Owners Association Inc. (WPOA)*, Case No. 1:04-cv-395-SAS; *Sayyah v. Waynoka Regional Water & Sewer District*, Case No. 1:04-cv-432-SSB; *Sayyah v. Waynoka Property Owners Association Inc. (WPOA)*, Case No. 1:04-cv-442-MHW; *Sayyah v. Brown County Board of Commissioners*, Case No. 1:05-cv-16-SAS.

homeowners restrictions. Attached to Plaintiff's federal complaint as an exhibit is a related complaint against many of the same Defendants filed in state court. Plaintiff alleges that at least two of his three cases were improperly dismissed on or about April 29, 2015. (Doc. 1 at ¶¶39-44).

Plaintiff's federal complaint identifies as Defendants the following individuals, groups, and entities: (1) Judge Hermon; (2) Attorney Cassaundra L. Edwards; (3) Shayler Crossing Homeowner Association, Inc.; (4) Three members of Shayler Board of Trustees; (5) Towne Properties Asset Management Co.; and (6) Attorney Steven Kelly.

## II. Standard of Review

For the convenience of the Court, each of the Defendants' respective motions is separately addressed below. However, the following standards of review apply to all four motions.

### A. Subject Matter Jurisdiction Under Rule 12(b)(1)

All four motions at least partially challenge the subject matter jurisdiction of this Court under Rule 12(b)(1), while alternative arguments assert that Plaintiff has failed to state any cognizable claim under Rule 12(b)(6). In general, a motion to dismiss based on a lack of subject matter jurisdiction must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (explaining that a Rule 12(b)(6) motion challenge becomes moot if the court lacks subject matter jurisdiction, citing *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990)).

A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir.1990). In reviewing such a facial attack, a trial court takes the allegations in

2

the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.* On the other hand, a factual attack on jurisdiction is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "On such a motion, no presumptive truthfulness applies to the factual allegations ... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (*citing Ohio Nat. Life Ins. Co.*, 922 F.2d at 325).

### B. Failure to State a Claim Under Rule 12(b)(6)

In contrast to a motion to dismiss for lack of subject matter jurisdiction, a motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 406 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the

3

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### III. Analysis of Four Motions

#### A. Motion of Defendant Judge Thomas Herman (Doc. 11)

Plaintiff has filed suit against the Honorable Thomas Herman, Judge of the Clermont County Court of Common Pleas, based upon the decisions that Judge Herman made while presiding over Plaintiff's three state court cases. Plaintiff specifically alleges that during a preliminary hearing, Judge Herman would not allow Plaintiff "to give any actual damaging testimony in the preliminary hearings, even shouting at Plaintiff that 'This is my court, and you'll do as I say,' and refusing Plaintiff to give his testimony." Plaintiff's response to Judge Herman's motion generally encourages this Court to construe his complaint liberally, but fails to address any of the arguments or deficiencies set forth by Judge Herman.

Plaintiff's claims against Judge Herman are subject to dismissal for three reasons: (1) because this Court lacks jurisdiction under the *Rooker Feldman* doctrine; and (2) because the Defendant is entitled to absolute judicial immunity from suit;[2] and (3) because Plaintiff's allegations fail to state a claim.

#### 1. *Rooker Feldman* Doctrine

First, under 28 U.S.C. § 1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions. Instead, state court decisions may be reviewed only by

---

[2]Some of Plaintiff's prior cases involved similar civil RICO claims, and/or allegations that State Judges used their positions to engage in a conspiracy to "use the courts as a racketeering enterprise to obstruct justice, to cover up crimes, in order to get 'certain' political friends 'off the hook.'" (*See, e.g.*, Opinion and Order granting motions to dismiss on the basis of *Rooker-Feldman* doctrine and absolute judicial immunity, Doc. 43 in Case No. 1:05-cv-16-SAS). *See also* Case No. 1:04-cv-395-SAS (07/20/05 Order dismissing case involving allegations of violations of civil rights and fraud upon the court in a prior civil action, for lack of subject matter jurisdiction); Case No. 1:04-cv-194-SSB (11/13/04 R&R dismissing claims that Property Owners Association prohibited them from engaging in speech, adopted 01/24/05).

4

the United States Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment. The Supreme Court has explained that the doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *In re Smith*, 349 Fed. Appx. 12, 14 (6th Cir. 2009)(quoting *Exon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In this instance, Plaintiff has not challenged the constitutionality of any state law or rule, but instead has argued that the adjudication of his state court litigation by Judge Herman was itself unconstitutional. Plaintiff contends that Judge Herman did not allow Plaintiff to participate in discovery or rebut numerous motions, (Doc. 1 at ¶37), and that Judge Herman engaged in conduct that allowed Plaintiff's state court complaint to be covered up to "collect[] dust." (*Id.* at ¶39). Plaintiff alleges that two of his cases were dismissed by Judge Herman. (*Id.* at ¶44). He contends that Judge Herman used his courtroom as a "racketeering enterprise to help well heeled 'friends' who Plaintiff was suing.'" (*Id.* at ¶6). He alleges that Judge Herman "betrayed his very judgeship" in a "criminal type RICO conspiracy." (*Id.* at ¶¶11, 30, 38). In Plaintiff's joint response to all four of the pending motions to dismiss, he generally alleges that all Defendants, including Judge Herman, engaged in a "deliberate and illegal attempt…to prevent Plaintiff from getting damaging testimony and hundreds of photos of restrictive covenant violations into the Ohio Clermont County Court of Common Pleas official record…." (Doc. 21 at ¶2, emphasis original). Although Plaintiff generally argues that Judge Herman's judicial conduct resulted in the deprivation of his constitutional rights, "there is

no federal jurisdiction when the claim is 'a specific grievance that the law was invalidly-even unconstitutionally-applied in the plaintiff's particular case.'" *Loriz v. Connaughton*, 233 Fed. Appx. 469, 474 (6th Cir. 2007)(quoting *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002)).

Because Plaintiff is asking this Court to sit in direct review of Judge Herman's decisions in ongoing and recently concluded state court litigation,[3] the *Rooker Feldman* doctrine squarely prohibits Plaintiff's claims against Judge Herman and, for that matter, this Court's jurisdiction over any of the claims asserted in this case.

### 2. Judicial Immunity

The doctrine of judicial immunity provides a second and independent basis for dismissal of Plaintiff's claims against Judge Herman. That doctrine bars suit under §1983, whether suit is brought for money damages or for injunctive and declaratory relief – with limited exceptions inapplicable to this case.[4] *See generally* 42 U.S.C. §1983; *Pierson v. Ray*, 386 U.S. 547 (1967). Moreover, the doctrine attaches to judicial acts, not merely the judicial actors. To that extent, the doctrine applies to all claims against Judge Herman. *Id.*

The doctrine of judicial immunity "operates to protect judges and quasi-judicial officers alike from suit in both their official and individual capacities." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (citing *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999)). As the Supreme Court noted in *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978), "the scope of the judge's jurisdiction must be construed broadly…. A judge will not be deprived of immunity because the action he took was in error, was

---

[3]Although Plaintiff believes two of his cases have been dismissed, Defendant Edwards has attached an exhibit to her motion that reflects that all three of Plaintiff's state actions were consolidated into a single case by Judge Herman on April 29, 2015, which case remains ongoing. (Doc. 14-1).
[4]The doctrine also bars suit for declaratory relief under 42 U.S.C. §1983 unless a declaratory decree was violated or declaratory relief is unavailable. The undersigned finds it unnecessary to explain in any detail why these exceptions are inapplicable. (*See generally* Doc. 11 at 11-12).

done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id*. (additional citation and internal quotation marks omitted).

Here, there is no question that Judge Herman acted within his jurisdiction, *see* Ohio Rev. Code § 2305.01 (jurisdiction of court of common pleas). Plaintiff complains about Judge Herman's decisions in three separate state court cases, including Judge Herman's alleged dismissal of two of his cases,[5] and failure to act on one case, identified as 2015 CVH 000486. All of the complained of decisions made by Judge Herman in the underlying state court cases were clearly judicial in nature.

Nor does Plaintiff's assertion that the Defendants participated in a "conspiracy" against Plaintiff alter the equation. "The rationale of the doctrine of judicial immunity— 'the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants'—also is equally applicable to [a party's] charge that in performing their judicial duties the judges of [a] court were engaging in a conspiracy against [a party]." *Green v. Seymour*, 59 F.3d 1073, 1078 (10th Cir. 1995)(quoting *Pulliam v. Allen*, 466 U.S. 522, 537–38, (1984)). *See also generally Affeldt v. Carr,* 628 F. Supp. 1097, 1102 (N.D. Ohio 1985). Accordingly, Plaintiff's claims against Judge Herman are also barred by judicial immunity.

### 3. Failure to State a Claim

To the extent that Plaintiff asserts that Judge Herman issued improper decisions, his allegations fail to allege the cognizable deprivation of a federal right, and therefore

---

[5]Rather than dismissing two of his cases as Plaintiff alleges, it appears that Judge Herman merely consolidated Plaintiff's three ongoing state court cases, although two individual defendants were dismissed. (*See generally* Doc. 14 at 5). However, whether the two referenced state cases were dismissed or consolidated is immaterial to the disposition of the pending motions.

7

fail to state a federal claim under §1983. Defendant Herman cites a number of controlling cases on point that explain in some detail the deficiencies of Plaintiff's allegations under §1983. (*See generally* Doc. 11 at 8-9). The most salient case in this regard is *Agg v. Flanagan*, 855 F.2d 336, 339 (6th Cir. 1988)("An incorrect decision by Ohio court does not constitute a deprivation of due process of law that the federal courts must redress. The proper course to correct a mistake is by appeal."). In addition, "[c]laims of conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a §1983 claim." *Farhat v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004).

For the reasons explained in far greater detail by the Defendant, (*see* Doc. 11 at 6-8), Plaintiff's conclusory allegations that Judge Herman engaged in some type of conspiracy and/or violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") also fail to state any claim. Plaintiff has failed to establish any criminal conduct listed in 18 U.S.C. §§1981(1)(A) or (1)(B), and has failed to adequately allege an enterprise other than naming individual defendants. *See also Sedima S.P.R.I. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *United States v. Turkette*, 452 U.S. 576, 584 (1981).

### B. Attorney Cassaundra Edwards (Doc. 14)

#### 1. Allegations and Claims

Plaintiff's claims against Attorney Edwards stem from her role as defense counsel to Defendant Shayler Crossing Community Association, Inc. and its Board of Directors in Plaintiff's civil litigation in state court. On April 27, 2015, Judge Herman dismissed Attorney Edwards from one of two state cases in which Plaintiff had named her as a defendant. (Doc. 14-2, Exhibit entry dismissing Edwards in Case No. 2015 CVH 00155).

In this Court, Plaintiff alleges that Defendant Edwards, along with other Defendants, "came up with a trumped up ficticious [sic] restrictive convenient [sic] violation." (Doc. 1 at ¶8). He further alleges that Edwards engaged in "a typical fraudulent RICO type scheme" against him. (*Id.* at ¶10), and that he was suing her "big time" as a "well heeled 'friend'" of Judge Herman. (*Id.* at ¶6). Plaintiff generally alleges that in the course of her defense of the Association, Attorney Edwards assisted Judge Herman in "us[ing] his court room" to further "a typical RICO style conspiracy." (*Id.* at ¶44). Similar to his allegations against other Defendants, Plaintiff accuses Edwards of engaging "in a criminal type RICO conspiracy to deny Plaintiff an opportunity to show or get his damaging testimony into the record." (*Id.* at ¶38).

### 2. *Rooker Feldman* Doctrine

For the same reasons discussed above in the context of Judge Herman's pending motion, Defendant Edwards' motion to dismiss should be granted because this Court lacks subject matter jurisdiction under the *Rooker Feldman* doctrine.

### 3. Failure to State a Claim

Defendant Edwards also persuasively argues, for the reasons discussed above, that Plaintiff's allegations against her fail because they are insufficient to plead a private cause of action under RICO, or to state a conspiracy claim against her. Plaintiff also fails to state a claim for conspiracy, either under 42 U.S.C. §1983 or under common law. Plaintiff cannot state any claim under §1983 against Defendant Edwards because she is not a state actor. Moreover, while Plaintiff's complaint is filled with conclusory statements regarding the alleged collective actions by all "Defendants," it is woefully lacking in any specific facts that would support any type of conspiracy claim.

### C. Shayler Crossing Community Association,[6] Shayler Board of Trustees, and Towne Property Asset Management Company (Doc. 15)

#### 1. Allegations and Claims

Plaintiff generally complains, with reference to all of the named Defendants, that he was "never allowed discovery" in his underlying state lawsuits. (Doc. 1 at ¶37). However, the only specific allegation against Shayler Crossing, Shayler Trustees, or Towne, is Plaintiff's allegation that they "came up with a trumped up fictitious restrictive convenient [sic] violation," which required Plaintiff to remove a fence on his property. (Id. at ¶8).

#### 2. *Rooker Feldman*

None of the allegations against any of these three Defendants would allow this Court to exert jurisdiction over any claim asserted. For reasons stated above, Defendants' motion should be granted under the *Rooker Feldman* doctrine.

#### 3. Failure to State a Claim

The referenced three Defendants argue, and this Court agrees for the reasons previously stated, that Plaintiff fails to state any valid civil RICO claim against them. Neither a pattern of racketeering activity nor the "enterprise" element of such a claim are properly alleged, nor has Plaintiff alleged that any of the three Defendants knowingly participated in the operation or management of a qualifying enterprise. Further, Plaintiff has failed to allege or otherwise show any effect on interstate commerce.

In addition to failing to state any possible RICO claim, Plaintiff's allegations against Shayler Crossing Community Association, Shayler Board of Trustees, and Towne Property Asset Management Company fail to sufficiently allege any possible claim of conspiracy. As discussed *infra*, conspiracy claims must be pled with some

---

[6]Defendant is incorrectly identified in Plaintiff's complaint as Shayler Crossing Homeowner Assoc. Inc.

degree of specificity. See *Farhat v. Jopke,* 370 F.3d at 599; *accord Guitierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (1984).

Last, Plaintiff cannot state a claim under 42 U.S.C. §1983 against the referenced Defendants because all three are private entities, and there is no allegation that any of the three acted under the color of state law, much less that they deprived him of a federal protected right.

### 4. Improper Service

As a final argument in favor of dismissal, the three Defendants "hereby assert and preserve the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5), alleging that Plaintiff "has failed to properly effectuate service on these Defendants." (Doc. 15 at 5). In light of the ample and clear alternative grounds for dismissal including the lack of subject matter jurisdiction, the undersigned finds no cause to reach this one-sentence argument. (*See also* Doc. 18, certificate of service and notice of appearance by counsel for the same three Defendants).

### D. Steven Kelley (Doc. 19)

Defendant Steven Kelley,[7] like Defendant Edwards, is a private attorney who acted as counsel for one or more of the homeowners' association defendants in the state court litigation. Defendant Kelley persuasively argues for all of the reasons previously discussed that he is entitled to dismissal of all claims filed against him. Briefly, this Court lacks subject matter jurisdiction under the *Rooker Feldman* doctrine, and even if the Court had jurisdiction to consider any claim, Plaintiff's allegations fail to state any cognizable claim as a matter of law under civil RICO, under 42 U.S.C. § 1983, or under common law for conspiracy.

---

[7]Mr. Kelley's surname is misspelled as "Kelly" in the complaint.

Defendant Kelley points out, as do several other Defendants, that the instant case marks the fourth time that Plaintiff has filed suit over the same incident – the homeowner's association attempt to enforce a restrictive covenant involving Plaintiff's fence.

### III. Conclusion and Recommendations

For the reasons stated herein, **IT IS RECOMMENDED THAT** the pending motions to dismiss (Docs. 11, 14, 15, 19) be **GRANTED** based upon a lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.  Alternatively, the Defendants' respective motions to dismiss should be granted under Rule 12(b)(6) because Plaintiff has failed to state any cognizable federal claim against them.  As all claims and Defendants should be dismissed, this case should be closed.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN SAYYAH,  Case No. 1:15-cv-326

    Plaintiff,  Beckwith, J.
Bowman, M.J.

  v.

JUDGE THOMAS R. HERMAN, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).