UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Sayyah, : Case No. 1:15-cv-326
:
   Plaintiff, :
:
vs. :
:
Judge Thomas R. Herman, et al, :
:
   Defendants. :

**ORDER**

      Plaintiff John Sayyah filed his complaint in this case on May 18, 2015. (Doc. 1) He alleges claims against Judge Thomas R. Hermon, an Ohio common pleas court sitting judge who presided over a lawsuit Sayyah filed in state court; the Shayler Crossing Homeowner Association and three members of the Shayler Board of Trustees (Sayyah apparently owns a home or property in Shayler Crossing); Attorney Cassundra Edwards, who represented the Shayler defendants in Sayyah's state court lawsuit; and Towne Properties Asset Management Company and its attorney, Steven Kelly. Sayyah filed a state court action (Clermont County Case 2015 CVH00155) for abuse of process and malicious prosecution on April 14, 2015, claiming that he was being charged fifty dollars a month by the Shayler Board and/or Towne Properties. During a hearing in the case, Sayyah alleges that he was "shouted down by the three Shayler board of trustees" who told him "We don't want to see anything or hear anything, just tear down your damn fence...". (Doc. 1 at ¶7) Sayyah complained to Attorney Edwards that he had not been allowed to have a proper hearing. Despite his complaint, Edwards "began assessing Plaintiff and his wife fifty dollars a month." Sayyah further alleges that

Edwards, Defendant Kelly and Judge Hermon all conspired against him and deprived him of his right to present photographs and other evidence about "hundreds of restrictive covenant violations that had accumulated over the many years with no one paying attention ...". (Doc. 1 at ¶10 and ¶37.) He also alleges that Judge Hermon prevented him from presenting his evidence and "actual damaging testimony" against the Defendants, and shouted "This is my court, and you'll do as I say...". (Doc. 1 at ¶21) He alleges that his lawsuit is being ignored, it "sits collecting dust" and is being "covered up" by Judge Hermon and the other Defendants. (Doc. 1 at ¶39) Judge Hermon allegedly dismissed two other cases before Sayyah had an opportunity to argue his claims. (Id. at ¶44) The complaint cites a number of statutes which he alleges give rise to his claims, including 18 U.S.C. §241; 18 U.S.C. §1962; 28 U.S.C. §§1331 and 1343(a)(4); and 42 U.S.C. §1983. He seeks money damages and injunctive relief against the Defendants.

    All of the Defendants filed motions to dismiss Plaintiff's complaint. (Docs. 11, 14, 15 and 19) The motions contend that this Court lacks subject matter jurisdiction over Sayyah's complaint on the basis of the *Rooker Feldman* doctrine[1] and the Full Faith and Credit statute, 28 U.S.C. §1257. Judge Hermon argued that he is entitled to judicial immunity, a doctrine that broadly protects a judicial officer from claims attacking his actions taken and decisions made in his capacity as a judge. All Defendants also argued that Sayyah's complaint fails to state a cognizable claim against any of them for

---

[1] This doctrine springs from two U.S. Supreme Court cases: Dist. of Col. Ct. Of Appeals v. Feldman, 460 U.S. 462, 472 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923), both holding that state court decisions are reviewable only by the United States Supreme Court.

a RICO conspiracy, or under Section 1983.

Sayyah opposed all four motions, asserting that his complaint adequately alleges a deliberate and illegal attempt by all of the Defendants to prevent him from presenting damaging testimony and hundreds of photographs into the official record of his Ohio lawsuit.  He argues that covenant violations have been covered up for many years; if he had been permitted to proceed, the evidence could have created "a floodgate of homeowners' lawsuits in multiple millions of dollars ... ," as he alleged in his state court complaint.  He argues that his case will expose "a corrupt cover-up for influential friends in high places." (Doc. 21 at ¶5)  With regard to the Shaylor trustees, he contends that federal courts have held that a homeowners' association has a relationship with the homeowners that is analogous to a landlord-tenant relationship, and that federal law required the trustees to hold an official hearing.  Its refusal to do so therefore violated federal common law.  Sayyah filed a second response, styled as a reply memorandum (Doc. 25), in which he argued that the *Rooker-Feldman* doctrine does not apply in situations where state court judgments were procured through fraud.  He suggests that in his experience, federal courts are more discerning than state courts, and will ask for specific allegations of "what kind of fraud is being alleged, extrinsic or intrinsic...". (Id. at 1)  He suggests that he will be able to prove extrinsic fraud, and that the federal court has the power to act under Fed. R. Civ. Proc. 60(b) in order to prevent a grave miscarriage of justice.

Pursuant to this Court's standing order regarding pro se plaintiffs, the assigned Magistrate Judge issued a Report and Recommendation on the disposition of the motions to dismiss.  (Doc. 27) The Magistrate Judge articulated the standard of review

that applies to motions challenging subject matter jurisdiction under Rule 12(b)(1), and to those arguing a failure to state a claim under Rule 12(b)(6). She then analyzed the arguments in favor of and in opposition to the motions. The Magistrate Judge ultimately recommended that the Court grant all of the Defendants' motions based upon a lack of jurisdiction, and alternatively because Sayyah's complaint fails to allege a cognizable claim for relief against any of the Defendants.

Sayyah requested and was granted until November 16, 2015 in which to file his objections to the Report. (See October 6, 2015 notation order.) He did not file any objections by that date. Instead, on November 23, he filed a motion to disqualify Magistrate Judge Bowman under 28 U.S.C. §455. (Doc. 31) Sayyah argues that the Report and Recommendation is clearly one-sided and shows the Magistrate Judge's lack of neutrality. He contends that the Magistrate Judge ignored his issues and arguments, and improperly referred to the state court complaint which he attached to his complaint in this case. He asserts that the Magistrate Judge acted as an advocate and defense attorney for each of the Defendants named in his complaint. He asks the Court to carefully read his state court complaint, which this Court has done. In that complaint, he alleges abuse of process and malicious prosecution against Attorney Edwards, the Shayler Crossing Homeowners Association and its Board of Trustees, and Towne Properties (apparently a managing agent for the Homeowners Association). He alleges that he received correspondence from Shayler/Towne Properties in 2011, informing him that an antenna mounted on his home and a fence in his yard were not in compliance with community guidelines, and must be removed. In March 2015, he received a letter from Defendant's attorney, warning him that he must pay "this account"

or foreclosure proceedings will be instituted against him. (Doc. 1-1 at ¶5) He further alleges that he asked for a hearing to present his arguments about the fence, but he was not permitted to speak and was instructed to remove his fence. He alleges that Defendants' attorney then threatened him not to harass her clients, thereby injecting herself into a malicious conspiracy.

The allegations in Sayyah's state court complaint mirror those he makes in his complaint in this case. He contends that reading the two complaints together makes clear the existence of a RICO conspiracy, and that just recently he has been given the "go ahead" by unnamed FBI agents. He argues that the Defendants have not only placed fraudulent liens against his property, but have engaged in mail fraud. Attached to his motion to disqualify the Magistrate Judge are copies of an on-line communication from a group called "Petition2Congress" regarding foreclosure fraud, and an FBI press release dated April 13, 2015, announcing that a former Texas state court judge pled guilty to charges of honest services wire fraud, based on his acceptance of bribes intended to influence his judicial decisions. Sayyah also attached his own affidavit stating that the FBI should investigate Shayler Crossing homeowners' dues of $200 per year, which results in millions of dollars with very little being spent on "community gatherings and no monthly newsletters ...". (Doc. 31 at page 10, PAGEID 177)

The Magistrate Judge denied the motion to disqualify by separate order entered on November 30, 2015. (Doc. 32) With regard to the Report and Recommendation, this Court concludes that Sayyah's motion does not respond to the Magistrate Judge's observations and recommendations about the deficiencies in Sayyah's complaint. But broadly construing his motion as an objection to the Report and Recommendation, this

Court reviews the record de novo, in light of Sayyah's arguments, as required by 28 U.S.C. §626. After that review, the Court adopts the Magistrate Judge's recommendations in full.

Sayyah does not dispute the fact that his complaint in this case arises from actions taken and decisions rendered in the state court during prosecution of his lawsuit. The Court takes judicial notice of the publicly available docket sheet for Sayyah's case, which reflects an entry of recusal by Judge Hermon on June 2, 2015, the appointment of a visiting judge, motions to dismiss that were filed, and an entry of dismissal entered on October 26, 2015. [2] It is clear that Judge Hermon is immune from Sayyah's claims regarding his conduct of hearings held in that lawsuit. The U.S. Supreme Court has held that a judge does not lose his cloak of immunity "... because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-357 (1978). There are no allegations that plausibly suggest that Judge Hermon acted in excess of his jurisdiction in presiding over Sayyah's lawsuit. If Sayyah is dissatisfied with the result in that lawsuit, his remedy lies in an appeal in the state court, not a federal lawsuit against Judge Hermon.

Second, this Court lacks subject matter jurisdiction to review the actions and decisions rendered in Sayyah's state court lawsuit. The *Rooker-Feldman* doctrine bars such review by a federal district court. The principles of the doctrine are discussed in

---

[2] See www.clermontclerk.org/index/eservices, last accessed November 30, 2015.

Loriz v. Connaughton, 233 Fed. Appx. 469 (6th Cir. 2007), cited in the Magistrate Judge's Report.  That case arose out of a zoning dispute between two adjacent landowners.  The plaintiffs were dissatisfied with a conditional use permit granted their neighbors, and filed a federal lawsuit against the neighbors, their attorney, the members of the Board of Zoning Appeals, the County Commissioners, and the judges of the state appellate court that had affirmed the decision to grant the use permit, along with other state and local officials involved in the state permit proceedings.   The district court dismissed the case, in part based on lack of subject matter jurisdiction.  The Sixth Circuit held that a two-part test determines whether the *Rooker-Feldman* doctrine applies: the federal claim is inextricably intertwined with the state court judgment, and the claim is "a specific grievance that the law was invalidly - even unconstitutionally - applied in the plaintiff's particular case."  Id. at 474 (internal citations omitted).

      Here, Sayyah complains that the state court dismissed his claims against attorney Edwards, as well as two other lawsuits he filed.  And he asserts that the Defendants violated his rights to present his evidence, testimony and photographs.  This Court lacks jurisdiction to review these decisions that precede the judgment of dismissal.  Sayyah's claims here are inextricably intertwined with the state court case and its result, and they do not challenge any state statute or state rules.  Sayyah's remedy lies with an appeal to the state court, not a separate federal lawsuit.

      Even if *Rooker-Feldman* does not apply, this Court also concludes that Sayyah's complaint should be dismissed under Rule 12(b)(6).  Sayyah suggests that such motions are disfavored, and are rarely granted only when it is totally and completely clear that no relief may be granted under any set of facts.  In Ashcroft v. Iqbal, 556 U.S.

662 (2009), the U.S. Supreme Court expressly held that a complaint will survive a Rule 12 challenge **only** if its well-pleaded factual allegations are sufficient to state a claim for relief that is **plausible** on its face. Facial plausibility requires pleading facts that permit a reasonable inference that the defendant is liable for the alleged misconduct. If a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (internal quotations omitted). Sayyah's complaint fails to plausibly allege the existence of a RICO conspiracy, or a RICO violation by any of the Defendants. A civil RICO claim requires specific allegations of the conduct of a RICO "enterprise," one that is separate and distinct from the Defendants, and which was carried on through a pattern of racketeering activity. Sayyah's complaint utterly fails to identify what "enterprise" he believes exists, much less describe a pattern of racketeering activity by any of the Defendants. While he cites several criminal statutes, he fails to allege any facts that might plausibly suggest that any of the Defendants engaged in any criminal conduct. Even broadly construed, it is clear that his allegations arise out of a local dispute between Sayyah and his homeowners association (and its agent and attorney) regarding a fence and the placement of an antenna.

Nor has Sayyah plausibly pled a violation of his constitutional rights which is actionable under 42 U.S.C. §1983. Aside from Judge Hermon, the Defendants are all private citizens or entities. The complaint does not allege nor plausibly suggest a basis upon which their conduct could be chargeable or imputed to the state. Moreover, challenges to a state court judge's decisions about procedures or interim evidentiary

rulings do not amount to a due process violation that is cognizable in federal court under Section 1983.

In conclusion, the Court has carefully reviewed Sayyah's complaint and the record in this case. The Court concludes that Sayyah's complaint against Judge Hermon is barred by the doctrine of judicial immunity. This Court lacks subject matter jurisdiction over Sayyah's complaint under the *Rooker-Feldman* doctrine. Alternatively, the Court concludes that Sayyah's complaint fails to state a cognizable claim for relief against any of the named Defendants.

For all of these reasons, the Court adopts the Magistrate Judge's Recommendations. Defendants' motions to dismiss (Docs. 11, 14, 15 and 19) are granted. Sayyah's complaint is dismissed with prejudice.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: December 4, 2015                     s/Sandra S. Beckwith
                                            Sandra S. Beckwith, Senior Judge
                                            United States District Court