**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN SAYYAH,

               Plaintiff,                                    Case No. 1:15-cv-326

        v.                                          Beckwith, J.
                                                   Bowman, M.J.

JUDGE HERMAN, *et al.*,

               Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this pro se federal action against multiple Defendants more than a year ago, paying the requisite filing fee of $400.00.   Plaintiff generally alleged in his complaint in this Court that, during prior civil proceedings in state court, a state court judge and other Defendants violated Plaintiff's constitutional rights and engaged in a racketeering enterprise in violation of civil RICO.   Defendants promptly moved to dismiss Plaintiff's case based upon a lack of jurisdiction, and for failure to state a claim. On September 28, 2015, the undersigned found Defendants' arguments to be persuasive, and recommended dismissal.  (Doc. 27).   In response to that Report and Recommendation ("R&R"), Plaintiff filed a motion to disqualify the undersigned magistrate judge, which was denied on November 30, 2015.  (Doc. 31, 32).

On December 4, 2015, the presiding district judge dismissed Plaintiff's complaint with prejudice, as recommended in the Report and Recommendation ("R&R") filed by the undersigned.  (Doc. 33).  Judgment was entered the same date.  (Doc. 34).

On December 8, 2015, Plaintiff filed a motion "Objecting to Magistrate's Report

and Recommendation and her Memorandum Order without the required proper legal consent of Plaintiff." (Doc. 35). The presiding district judge denied Plaintiff's construed motion for reconsideration/belated objection on December 21, 2015, advising Plaintiff that he "may appeal this Court's judgment to the Sixth Circuit Court of Appeals." (Doc. 36). A second judgment was entered on December 21, 2015. (Doc. 37).

Instead of seeking relief in the Sixth Circuit Court of Appeals, on January 6, 2016, Plaintiff filed a "motion for a new trial," which again asserted that the rulings and recommendations by the undersigned magistrate judge without Plaintiff's "signed permission" and "legal consent," in violation of the law. (Doc. 38). Two groups of Defendants responded to that motion, urging this Court to declare Plaintiff a "vexatious litigator" in light of his continued filing of baseless, post-trial motions, seeking an order "permanently enjoining Plaintiff from both filing any additional documents in this case and from filing any new lawsuits or other documents in the United States District Court for the Southern District of Ohio, without seeking and obtaining leave of court." (Doc. 39 at 4; *see also* Doc. 40 at 4).

On January 26, 2016, the presiding district judge denied Plaintiff's motion for a new trial, noting that "Plaintiff's repeated filings simply repeat unsupported accusations against the Magistrate Judge, the Court, and the Defendants," and that his "most recent filing, seeking a new trial, is similarly unsupported and lacks any legal basis." (Doc. 41 at 2). The Court did not declare Plaintiff a vexatious litigator in the January 26, 2016 Order. However, the Court did expressly warn Plaintiff:

> This Court will not countenance his continued unjustified attacks on the Magistrate Judge and the judicial system. His complaint in this case has been dismissed with prejudice. As the Court previously stated, Plaintiff's avenue for seeking reversal of the Court's decision lies with an appeal to

the Sixth Circuit Court of Appeals.

(*Id.* at 2).  A third entry of judgment, reflecting the denial of Plaintiff's motion for a new trial, was filed on January 26, 2016.  (Doc. 42).

Undeterred by that warning, on June 22, 2016, Plaintiff filed another post-trial motion, entitled "Motion to Vacate the Improper Default Judgment." (Doc. 43). Plaintiff's latest motion once again asserts that the undersigned magistrate judge had no authority to issue her Report and Recommendation or any orders absent Plaintiff's express consent.

Plaintiff's complaint was dismissed with prejudice and judgment was entered more than six months ago.  (*See* Docs. 33, 34, 35, 37).   Plaintiff was previously warned that this Court will not countenance his continued unjustified attacks on the judicial system.  Plaintiff's continued filing of baseless post-trial motions, seeking to re-litigate claims that have previously been rejected by this Court, can no longer be tolerated.

In a similar case, where a civil litigant continued to file frivolous post-trial motions concerning issues already decided by this Court, the Court deemed the plaintiff's conduct so vexatious as to require sanctions.  *See Smith v. Indian Hill Exempted Village School District*, Order in Case No. 1:10-cv-718 (S.D. Ohio February 13, 2014) (Doc. 106). Like Plaintiff herein, Mr. Smith had paid the filing fee to initiate suit, but continued to inundate this Court with frivolous post-trial motions after his claims were dismissed. Left with no other recourse, then-Chief Judge Susan J. Dlott enjoined and prohibited Smith from filing "any further motions or papers in this case, unless such motions or papers are certified as non-frivolous by an attorney," and directed the Clerk of Court not to accept any further motions or papers in that action unless so certified.  Judge Dlott

was careful to note that her Order "did not apply to any notice of appeal to the Sixth Circuit Court of Appeals should Plaintiff wish to file to obtain review of this Order." *Id.* at 3, n.2.  She also stated that she was not limiting Plaintiff "except in this particular action," and would not prohibit the plaintiff from filing any new lawsuits "that have a legitimate basis and comply with Fed. R.. Civ. P. 11(b) after payment of the appropriate filing fee."  (*Id.*)   Mr. Smith appealed, but the Sixth Circuit affirmed the order of this Court enjoining him from filing further motions in the case.  *See Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 14-3223 (6th Cir. May 4, 2015)(unpublished).   Smith appealed again, but the Sixth Circuit denied his motion to recall the mandate.  *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 14-3223 (6th Cir. Oct. 9, 2015)(unpublished).

Smith returned to the district court where he attempted to file an additional motion in violation of the district court's order that the motion be certified as non-frivolous by an attorney.  The district court struck the motion from the record in violation of its prior order.  The Sixth Circuit again affirmed, reiterating the legitimacy of this Court's order to curb "Smith's persistence in filing frivolous post-judgment motions." *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, No. 15-4067 (6th Cir. July 1, 2016), also filed as Docket Entry 113 in District Court Case No. 1:10-cv-718.

Based upon the record presented, including but not limited to the express admonishments previously given to Plaintiff and the precedent established by *Smith v. Indian Hill Exempted Vill. Sch. Dist.*, the undersigned finds Plaintiff's post-judgment motions practice to be vexatious in this case.  The Sixth Circuit has repeatedly recognized that the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing

restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987).  Issuing a further warning to Plaintiff herein clearly would be of no benefit either to Plaintiff or to this Court, since he seems unwilling or unable to comply with the Court's warnings.   Likewise, although Plaintiff does not appear to be indigent considering his payment of the full filing fee in this case, a monetary sanction is unlikely to have the desired effect of preventing Plaintiff from filing additional, patently frivolous, post-trial motions.

Accordingly, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion to vacate the improper default judgment (Doc. 43) should be **DENIED**;

2. The Court should ENJOIN AND PROHIBIT Plaintiff from filing any further motions or papers <u>in this case</u>, unless such motions or papers are certified as non-frivolous by an attorney.  This injunctive relief should not apply to any appeal of this recommended injunctive relief to the Sixth Circuit;

3. The Clerk of Court should be specifically **DIRECTED** not to accept any such pleadings from Plaintiff absent compliance with the above restrictions, and should be instructed to dispose of such documents accordingly.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN SAYYAH,

           Plaintiff,                             Case No. 1:15-cv-326

      v.                                     Beckwith, J.
                                           Bowman, M.J.

JUDGE HERMAN, *et al.*,

           Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).